# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JAMES P. ARANT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AXA EQUITABLE LIFE INSURANCE | ) |
| COMPANY, fka THE EQUITABLE LIFE | ) |
| ASSURANCE SOCIETY OF THE UNITED | ) |
| STATES, and AXA DISTRIBUTORS, | ) |
| LLC, fka EQUITABLE DISTRIBUTORS, | ) |
| LLC., | ) |
| | ) |
| Defendants. | ) |

RECEIVED

2007 JUL 20  P 3: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

CIVIL ACTION NO.: 1:07-CV-664-MHT

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that on this date, Defendants AXA Equitable Life Insurance Company ("AXA Equitable") and AXA Distributors, LLC ("AXA Distributors" and, together with AXA Equitable, the "Defendants"), by their undersigned counsel, file this Notice of Removal pursuant to 28 U.S.C. §§ 1441(b) and 1446, *et seq.* and pursuant to 15 U.S.C. § 77 *et seq.* removing this matter from the Circuit Court of Houston County, Alabama to the United States District Court for the Middle District of Alabama. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 77 *et seq.*

In support of this Notice of Removal, Defendants state the following facts which entitle the Defendants to remove this action:

## PROCEDURAL BACKGROUND

1.     On or about June 18, 2007, Plaintiffs James P. Arant, Dorine Barranco, Rhoda S. Boone, Gayle S. Bullard, Gerald C. Caputo, Marjorie L. Caputo, Peggy J. Cole, Beverly L. Davis, Jesse D. Dean, Philip M. Dease, Jacqueline P. Draughon, Howard R. Dunn, Hans D.

Erbskorn, Charlene B. Erbskorn, Charles B. Emmett, Kathryn M. Foster, Peggy Shannon Hall, Rabon W. Harrison, Ruth K. Harrison, James H. Hausman, Donald W. Hendley, Edward L. Hinson, Jeanette C. Hinson, Ann S. Holman, Gayle O. Hudson, Peggy June Johnson, Kenneth W. Joyner, James R. Little, Linda D. Little, Sarah A. Martin, Earl D. Matthews, Doris Matthews, Sarah McCord, Frank Miller, Jerry Mims, Jo Anne Merritt, Nina Sue New, Della M. Pass, Hugh A. Odom, Hazel J. Odom, Jeanette K. Parker, Kevin M. Patton, Mary Harriett Patton, Jack R. Perry, Freddy Quattlebaum, Billie S. Rivenbark, Roy W. Saunders, Carolyn H. Saunders, Earl T. Senn, Edna Senn, Reuben S. Shelley, June K. Shelley, Linda Cheri Kelly-Sherer, Anita Carol Shirah, Tommy E. Smith, Danny L. Snell, Tony R. Spivey, LaDonna B. Spivey, Floyd Starling, Virginia A. Starling, Willa C. Storey, Jeanette S. Sutherland, Mary E. Todd, Gerald F. Trammell, Betty M. Vann, F. Terry Walden, Shirley J. Walker, Debra Rebecca White, Ashley Hiatt Wiggins, James Zandy Williams, Sandra Williams, Pheobie D. Wilson, Lynda Wirtzfeld and Charles H. Woodham ("Plaintiffs") commenced a civil action by filing a complaint in the Circuit Court of Houston County, Alabama, captioned *James P. Arant, et al. v. AXA Equitable Life Insurance Company, et al.*, Civil Action No. 2007-900016.00 (the "Complaint"). Plaintiffs bring this action to recover civil monetary damages for alleged fraudulent misrepresentations made by the Defendants in connection with Plaintiffs' purchases of variable annuity contracts issued by AXA Equitable. The Complaint asserts five common-law claims based upon state law: Count One (Fraud); Count Two (Suppression); Count Three (Negligent Training and Supervision); Count Four (Breach of Contract); and Count Five (Conversion).

2. A true and correct copy of all process and pleadings as served upon Defendants is attached hereto as Exhibit "A" and is incorporated herein by reference in accordance with 28 U.S.C. § 1446(a).

3.    The Complaint is the initial pleading setting forth the claims upon which this action is based.  Both AXA Equitable and AXA Distributors received a copy of the Summons and the Complaint through service on June 25, 2007.

4.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as it is filed within 30 days of Defendants' receipt of the Complaint through service of process.  *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344,  119 S. Ct. 1322 (1999).

5.    AXA Equitable and AXA Distributors are the only properly served and existing Defendants.  All Defendants join in this Notice of Removal.

## THIS ACTION IS REMOVABLE PURSUANT TO THE SECURITIES LITIGATION UNIFORM STANDARDS ACT

6.    This Court has jurisdiction over this removed action pursuant to the provisions of the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. §§ 77p, 78bb(f) (hereinafter "SLUSA").

7.    SLUSA expressly provides, among other things, that any "covered class action" involving a "covered security" that is brought in state court "shall be removable":

> *Removal of Covered Class Actions.* - Any **covered class action** brought in any State court involving a **covered security**, as set forth in **subsection (b)**, shall be removable to the Federal district court for the district in which the action is pending.

15 U.S.C. § 77p(c) (emphasis added); *see also* 15 U.S.C. § 78bb(f)(2).

8.    This removal provision implements the general limitation on state law class actions or mass actions contained in SLUSA.  That limitation is set forth in subsection (b) which expressly provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging -

> (1)    an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
>
> (2)    that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b); *see also* 15 U.S.C. § 78bb(f)(1).

9.    The term "covered class action" in these SLUSA sections is defined in relevant part as any single lawsuit in which:

> (I) damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or
>
> (II) one or more named parties seek to recover damages on a representative basis on behalf of themselves and other unnamed parties similarly situated, and questions of law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members.

15 U.S.C. § 77p(f)(2)(A); *see also* 15 U.S.C. § 78bb(f)(5)(B)(i).

10.    Plaintiffs' lawsuit clearly qualifies as a "covered class action" as defined in SLUSA, because it is brought on behalf of 74 individual plaintiffs and alleges that "Plaintiffs' claims arise out of or relate to two series of transactions and occurrences and present common questions of law and/or fact." (Complaint ¶ 15).

11.    The term "covered security" in this SLUSA section is defined in relevant part as:

> [a] security that satisfies the standards for a covered security specified in paragraph (1) or (2) of Section 77r(b) of this title at the time during which it is alleged that the misrepresentation, omission or manipulative or deceptive conduct occurred.

15 U.S.C. § 77p(f)(3); *see also* 15 U.S.C. § 78bb(f)(5)(E).

- 4 -

12.    The "Section 77r(b) of this title" referred to in this definition provides, in relevant part, that "[a] security is a covered security if such security is a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." 15 U.S.C. § 77r(b)(2).

13.    The variable annuity contracts identified in the Complaint plainly fit within the definition of a "covered security" as defined by SLUSA. *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1254 (11th Cir. 2003) (holding that variable life insurance, like variable annuities, falls within "SLUSA's definition of a 'covered security'"); *see Dudek v. Prudential Secs., Inc.*, 295 F.3d 875, 878 (8th Cir. 2002); *Patenaude v. The Equitable Life Assurance Society of the United States*, 290 F.3d 1020, 1024 (9th Cir. 2002); *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001); *see also SEC v. United Benefit Life Co.*, 387 U.S. 202, 212, 87 S. Ct. 1557, 1562 (1967) (variable annuity contracts are "securities," as defined in the Securities Act of 1933, 15 U.S.C. § 77b(a)(1), and are subject to the registration requirements of 15 U.S.C. § 77e); *SEC v. Variable Annuity Life Ins. Co.*, 359 U.S. 65, 79 S. Ct. 618 (1959) (same).   These variable contracts contain, as an integral component, units that are issued by an investment company that is registered and has filed a registration statement under the Investment Company Act of 1940, as amended.   15 U.S.C. § 77(r)(b)(2).   The value of this variable contract is dependent upon the value of these units or shares. *See* Affidavit of Naomi J. Weinstein, ¶¶ 4-6 (attached as Exhibit B).

14.    Finally, the Complaint should be removed because it falls within the express "class action limitation" language of SLUSA recited above, which preempts any state law class action or mass action alleging a misrepresentation or omission "in connection with" the purchase or sale of a "covered security." *See, e.g., Behlen v. Merrill Lynch, et al.*, 311 F.3d 1087, 1094 (11th Cir. 2002) (alleged misrepresentations or omissions were made "in connection with" the

sale of securities where the misrepresentations and omissions caused the Plaintiff to invest in inappropriate securities). The Complaint asserts multiple misrepresentations and omissions "in connection with" the sale of "covered securities" (Complaint ¶¶ 16-22). Indeed, Plaintiffs' Complaint even alleges that those misrepresentations and omissions were made directly regarding the variable nature of the subaccounts of the variable annuity contracts. (Complaint ¶ 18). In addition, Plaintiffs allege that they "transferred monies" in order to purchase the annuities at issue in reliance on the Defendants' misrepresentations and omissions. (Complaint ¶ 20-21). As such, Plaintiffs' lawsuit falls squarely within this Court's jurisdiction. *See* 15 U.S.C. § 77p(b)(1).

15.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Houston County, Alabama, and is being served on all parties.

WHEREFORE, DEFENDANTS AXA Equitable Life Insurance Company and AXA Distributors, LLC provide notice that this action has been removed from the Circuit Court of Houston County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division, and request that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

A. Inge Selden III
John N. Bolus
Andrea M. Greene            *GRE 102*

Attorneys for Defendants
AXA Equitable Life Insurance Company and
AXA Distributors, LLC

- 6 -

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the _20th_ day of July, 2007:

Andrew P. Campbell, Esq.
Caroline Smith Gidiere, Esq.
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, Alabama  35209

M. Dale Marsh, Esq.
Marsh Cotter & Tindol LLP
203 E. Lee Street
P. O. Box 310910
Enterprise, Alabama  36331

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES P. ARANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: **1**:07-cv-664 MHt |
| | ) | |
| AXA EQUITABLE LIFE INSURANCE | ) | |
| COMPANY, fka THE EQUITABLE LIFE | ) | |
| ASSURANCE SOCIETY OF THE UNITED | ) | |
| STATES, and AXA DISTRIBUTORS, | ) | |
| LLC, fka EQUITABLE DISTRIBUTORS, | ) | |
| LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT A TO**
**NOTICE OF REMOVAL**

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93    Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number:<br>**38-CV-200**<br>Date of Filing:<br>06/18/2007 | ELECTRONICALLY FILED<br>6/18/2007 5:56 PM<br>CV-2007-900016.00<br>CIRCUIT COURT OF<br>HOUSTON COUNTY, ALABAMA<br>CARLA H. WOODALL, CLERK |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT OF HOUSTON COUNTY, ALABAMA
### JAMES P. ARRANT ET AL v. AXA EQUITABLE LIFE INSURANCE COMPANY F/K/A THE EQU ET AL

**First Plaintiff:** ☐ Business ☑ Individual  **First Defendant:** ☑ Business ☐ Individual
☐ Government ☐ Other  ☐ Government ☐ Other

---

**NATURE OF SUIT:**

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture
Appeal/Enforcement of Agency Subpoena/Petition to
Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☐ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory
Judgment/Injunction Election Contest/Quiet Title/Sale For
Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☑ CVXX-Miscellaneous Circuit Civil Case

---

**ORIGIN:**  F ☑ INITIAL FILING    A ☐ APPEAL FROM    O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED    T ☐ TRANSFERRED FROM    _____
OTHER CIRCUIT COURT

---

**HAS JURY TRIAL BEEN DEMANDED?**    ☑ Yes ☐ No

---

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

---

**ATTORNEY CODE:**  SMI209    6/18/2007 5:50:25 PM    /s CAROLINE GIDIERE

---

**MEDIATION REQUESTED:**    ☐ Yes ☑ No ☐ Undecided

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>38-CV-2007-900016.00 |
|---|---|---|

### IN THE CIVIL COURT OF HOUSTON, ALABAMA
### JAMES P. ARRANT v. AXA EQUITABLE LIFE INSURANCE COMPANY F/K/A THE EQU

**NOTICE TO**  AXA EQUITABLE LIFE INSURANCE COMPANY F/K/A THE EQU, 1290 AVENUE OF THE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CAROLINE GIDIERE

WHOSE ADDRESS IS 2100A SOUTHBRIDGE PKWY, STE. 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     JAMES P. ARRANT
   pursuant to the Alabama Rules of the Civil Procedure

| 6/18/2007 5:56:16 PM | /s CARLA H. WOODALL | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested    /s CAROLINE GIDIERE

                                   Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____  in  _____  County, Alabama on _____

_____          _____

Date                  Server's Signature

| State of Alabama<br>Unified Judicial System<br><br>Form C-34  Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br><br>38-CV-2007-900016.00 |
|---|---|---|

### IN THE CIVIL COURT OF HOUSTON, ALABAMA
### JAMES P. ARRANT v. AXA EQUITABLE LIFE INSURANCE COMPANY F/K/A THE EQU

**NOTICE TO**  AXA DISTRIBUTORS LLC F/K/A EQUITABLE DISTRIBUTORS,, 1290 AVENUE OF THE

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY CAROLINE GIDIERE

WHOSE ADDRESS IS 2100A SOUTHBRIDGE PKWY, STE. 450, BIRMINGHAM AL, 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.
TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of     JAMES P. ARRANT
   pursuant to the Alabama Rules of the Civil Procedure

| 6/18/2007 5:56:16 PM | /s CARLA H. WOODALL | |
|---|---|---|
| Date | Clerk/Register | By |

☑ Certified mail is hereby requested     /s CAROLINE GIDIERE
                                     Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____

_____                    _____
Date                                                    Server's Signature

ELECTRONICALLY FILED
6/18/2007 5:56 PM
CV-2007-900016.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

N THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JAMES P. ARANT, DORINE
BARRANCO, RHODA S. BOONE,
GAYLE S. BULLARD, GERALD C.
CAPUTO, MARJORIE L. CAPUTO,
PEGGY J. COLE, BEVERLY L. DAVIS,
JESSE D. DEAN, PHILIP M. DEASE,
JACQUELINE P. DRAUGHON, HOWARD R.
DUNN, HANS D. ERBSKORN, CHARLENE
B. ERBSKORN, CHARLES B. EMMETT,
KATHRYN M. FOSTER,
PEGGY SHANNON HALL, RABON W.
HARRISON, RUTH K. HARRISON,
JAMES H. HAUSMAN, DONALD W.
HENDLEY, EDWARD L. HINSON,
JEANETTE C. HINSON, ANN S. HOLMAN,
GAYLE O. HUDSON, PEGGY JUNE JOHNSON,
KENNETH W. JOYNER, JAMES R. LITTLE,
LINDA D. LITTLE, SARAH A. MARTIN,
EARL D. MATTHEWS, DORIS MATTHEWS,
SARAH MCCORD, FRANK MILLER, JERRY
MIMS, JO ANNE MERRITT, NINA SUE NEW,
DELLA M. PASS, HUGH A. ODOM, HAZEL J.
ODOM, JEANETTE K. PARKER, KEVIN M.
PATTON, MARY HARRIETT PATTON, JACK
R. PERRY, FREDDY QUATTLEBAUM,
BILLIE S. RIVENBARK, ROY W. SAUNDERS,
CAROLYN H. SAUNDERS, EARL T. SENN,
EDNA SENN, REUBEN S. SHELLEY,
JUNE K. SHELLEY, LINDA CHERI
KELLY-SHERER, ANITA CAROL SHIRAH,
TOMMY E. SMITH, DANNY L. SNELL, TONY
R. SPIVEY, LADONNA B. SPIVEY, FLOYD
STARLING, VIRGINIA A. STARLING, WILLA
C. STOREY, JEANETTE S. SUTHERLAND,
MARY E. TODD, GERALD F. TRAMMELL,
BETTY M. VANN, F. TERRY WALDEN,
SHIRLEY J. WALKER,

**DEBRA REBECCA WHITE,**
**ASHLEY HIATT WIGGINS, JAMES ZANDY**
**WILLIAMS, SANDRA WILLIAMS,**
**PHEOBIE D. WILSON, LYNDA**
**WIRTZFELD, CHARLES H. WOODHAM,**

**Plaintiffs,**

**v.**                                                    **CV 2007-___**

**AXA EQUITABLE LIFE INSURANCE COMPANY,**
**f/k/a THE EQUITABLE LIFE ASSURANCE**
**SOCIETY OF THE UNITED STATES, and AXA**
**DISTRIBUTORS, LLC, f/k/a**
**EQUITABLE DISTRIBUTORS, LLC,**

## COMPLAINT

1.     Plaintiffs, Rhoda S. Boone, Peggy J. Cole, Beverly L. Davis, Jesse D.

Dean, Mary E. Todd, Betty M. Vann, Ashley Hiatt Wiggins, Linda Cheri Kelly-

Sherer, Anita Carol Shirah, Ann S. Holman, Willa C. Storey, Jeanette S.

Sutherland, Freddy Quattlebaum, Sarah McCord, Frank Miller, Jo Anne Merritt,

Nina Sue New, Kevin M. Patton, Mary Harriett Patton, Howard W. Dunn, Hans D.

Erbskorn, Charlene B. Erbskorn, Charles B. Emmett, Peggy Shannon Hall, Rabon

W. Harrison, Ruth K. Harrison, Peggy June Johnson, Kenneth W. Joyner, Sarah A.

Martin, Pheobie D. Wilson, Charles H. Woodham, Debra Rebecca White, James

Zandy Williams, Sandra Williams, and Della M. Pass, are individuals over the age

of nineteen (19) who reside in Houston County, Alabama.

2.      Plaintiffs, James P. Arrant, Shirley J. Walker, Floyd Starling, Virginia A. Starling, Jerry Mims, Donald W. Hendley, Gerald F. Trammell, F. Terry Walden, June K. Shelley, Reuben S. Shelley, Edward L. Hinson, Jeanette C. Hinson, and Kathryn M. Foster are individuals over the age of nineteen (19) who reside in Henry County, Alabama.

3.      Dorine Barranco, Tony R. Spivey, LaDonna B. Spivey, Billie S. Rivenbark, Earl D. Matthews, Doris Matthews, James H. Hausman, James R. Little, Linda D. Little, Gerald C. Caputo, Marjorie L. Caputo, Philip M. Dease, Earl T. Senn, and Edna Senn, are individuals over the age of nineteen (19) who reside in Dale County, Alabama.

4.      Carolyn H. Saunders, Roy W. Saunders, Jack R. Perry, Hugh A. Odom, and Hazel J. Odom, are individuals over the age of nineteen (19) who reside in Geneva County, Alabama.

5.      Tommy E. Smith is an individual over the age of nineteen (19) who resides in Coffee County, Alabama.

6.      Jeanette K. Parker is an individual over the age of nineteen (19) who resides in Barbour County, Alabama.

7.      Danny L. Snell and Jacqueline P. Draughon are individuals over the age of nineteen (19) who reside in Jackson County, Florida.

8.    Gayle O. Hudson is an individual over the age of nineteen (19) who resides in Polk County, Florida.

9.    Lynda Wirtzfeld is an individual over the age of nineteen (190 who resides in Canyon County, Idaho.

10.    AXA Equitable Life Insurance Company f/k/a Equitable Life Assurance Society of the United States (hereinafter "Equitable Life") is a foreign corporation authorized to do business in the State of Alabama and doing business by agent in Houston County, Alabama, at all times relevant to this Complaint. Equitable Life is a stock life insurance company that is among the largest life insurance companies in the United States. Equitable Life is a wholly owned subsidiary of The Equitable Companies Incorporated.

11.    AXA Distributors, LLC f/k/a Equitable Distributers, LLC., (hereinafter "EDL") is a foreign corporation authorized to do business in the State of Alabama and doing business by agent in Houston County, Alabama, at all times relevant to this Complaint. EDL is a wholly owned subsidiary of Equitable Life and has responsibility for sales and marketing functions for the Certificates issued by Equitable Life. EDL is also the distributor for Equitable Life annuity products, such as the Accumulator$^{sm}$, with its baseBUILDER® and Income Manager® options. EDL is a broker-dealer registered with the Securities and Exchange Commission and is a member of the National Association of Securities Dealers.

12.    FICTITIOUS DEFENDANTS "A". "B", and "C", whether singular or plural, are those persons, firms, corporations, or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to the Plaintiffs; FICTITIOUS DEFENDANTS "D", "E", and "F", whether singular or plural, is the entity which, concerning the occasions made the basis of this suit, was the principal of any of the named or above-described fictitious party Defendants at the time of these occasions; and FICTITIOUS DEFENDANTS "G", "H", and "I", whether singular or plural, is the entity which is the successor-in-interest of any of the named or above-described fictitious party Defendants. The wrongdoing of these fictitious parties as set forth herein proximately caused damage to Plaintiffs. Plaintiffs aver that the identities of the FICTITIOUS DEFENDANTS are otherwise unknown to them at this time, their identities as proper parties Defendants are not known to Plaintiffs at this time, and their true names will be substituted by amendment when ascertained.

13.    Plaintiffs aver that the damages of the following Plaintiffs are each less than $75,000, including interest, costs, attorney fees, and any legally legitimate claim of punitive damages:

> Billie S. Rivenbark
> Linda C. Kelly-Sherer
> Gerald Caputo
> Marjorie Caputo
> Ashley Hiatt Wiggins

Tommy Smith
Earl D. Matthews
Doris Matthews

14.    Plaintiffs do not allege any federal claims. Plaintiffs' claims and remedies lies exclusively under Alabama law.

15.    Plaintiffs' claims are joined under Rule 20 of the *Alabama Rules of Civil Procedure*. Joinder is appropriate because Plaintiffs' claims arise out of or relate to two series of transactions and occurrences and present common questions of law and/or fact.

16.    Beginning in 1998, agents of Defendants made representations to Plaintiffs that Plaintiffs could purchase a seven or ten year investment from Defendants which had a guaranteed rate of interest of either 5% or 6%, if held to maturity, but that the return could be greater if the stock market out-performed this minimum guaranteed rate. Defendants represented to Plaintiffs that the 5% or 6% (as the case may be) interest rate would be compounded annually if held to maturity. Defendants represented to Plaintiffs that Plaintiffs would receive "the best of both worlds" since they were guaranteed a 5% or 6% return even if the stock market were to decline.

17.    Plaintiffs made clear that, while the minimum guaranteed rate of return was attractive, they needed access to their monies after maturity and were, therefore, not interested in the annuity aspect of the investment. Defendants

represented to Plaintiffs that there was 90% liquidity on the investment if held to

maturity and reassured Plaintiffs that they could take a 90% lump sum pay out of

their investment without penalty at the conclusion of the seven or ten year maturity

period.

18.    Defendants suppressed and concealed from Plaintiffs that there was no

guaranteed interest rate associated with this variable annuity product but instead

involved risk, including possible loss of principal; that Plaintiffs could not have

complete access to their investment after their seven or ten year liquidity period.

19.    Defendants failed to provide Plaintiffs with a prospectus providing

complete, meaningful disclosures of the investment, including its options, risks,

fees, expenses, and method of assuring a 90% lump sum pay out without penalty at

the close of the maturity period.

20.    In reliance upon the representations of Defendants Plaintiffs

transferred monies, including, for some Plaintiffs, monies from IRAs.

21.    After investing their monies with Defendants, Plaintiffs received

statements regarding their investments.  On numerous occasions, Plaintiffs

questioned one or more Defendants regarding their accounts.  On each such

occasion, Defendants reassured Plaintiffs that the amounts shown on the statements

did not accurately reflect the value of their investments.

22.    Plaintiffs have discovered within two years prior to the filing of this

lawsuit that:

(a)    Plaintiffs were not guaranteed a 5% or 6% (as the case may be) return on their investments;

(b)    Plaintiffs would not have 90% access to their investments after seven or ten years, or at maturity;

(c)    Plaintiffs were required to annuitize their entire investment and thus could only receive a portion of their investments.

## COUNT ONE
## FRAUD

23.    Plaintiffs reallege all allegations of this Complaint.

24.    From 1998 through 2000, Defendants, through its/their agents, servants, and employees, made one or more of the following misrepresentations of material fact to Plaintiffs:

(a)    That Plaintiffs were guaranteed a return on their investment after either seven or ten years of either 5% or a 6% (the guaranteed minimum interest rate);

(b)    That after seven or tens years (the applicability period to maturity), Plaintiffs would have access to 90% of their investment plus guaranteed interest (at a minimum) and could cash it in for a lump sum payment without penalty if so desired; and

(c)     That this investment provided the "best of both worlds."

25.     The above representations were false, and Defendants knew they were false; or the Defendants recklessly misrepresented the facts without true knowledge thereof; or Defendants misrepresented the facts by mistake but did so with the intention that Plaintiff should rely upon them.

26.     In reliance on those representations, Plaintiffs invested monies with Defendants.

27.     Defendants authorized, ratified, and/or condoned the acts of its employees or agents, including Holman or the acts of Holman and others, were calculated to or did benefit said Defendants.

28.     Plaintiffs aver that Defendants engaged in a fraudulent scheme whereby investors, including the Plaintiffs, were duped into investing in Defendants' variable annuity. Through common misrepresentation, Defendants deceitfully tricked Plaintiffs and others into purchasing annuities. Plaintiffs were prevented from learning about their investments because Defendants purposefully and fraudulently withheld such information and purposefully and fraudulently responded falsely to Plaintiffs' inquiries.

29.     As a proximate consequence of Defendants' fraud and misrepresentations, Plaintiffs were injured and damaged as follows:

(a)     Plaintiffs have paid monies for an investment which was

not what they bargained for;

 (b) Plaintiffs did not earn either the applicable 5% or 6% interest on their investments;

 (c) Plaintiffs cannot cash out their investments after either the seven or ten year period for maturity;

 (d) Plaintiffs' investments have not performed as represented by Defendants;

 (e) Plaintiffs have lost the opportunity to make alternative investments with their funds;

 (f) Plaintiffs have suffered anxiety, worry, mental anguish and emotional distress, inconvenience, embarrassment, humiliation and other incidental damages; and

 (g) Plaintiffs will incur expenses necessitated by the filing of this lawsuit.

30. Defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiffs, thereby entitling Plaintiffs to punitive damages from these Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, including actual and punitive, in such a sum as a jury shall reasonably assess, in an amount exceeding the jurisdictional minimum of this Court, plus

interest and all costs of this proceeding.

## COUNT TWO
## SUPPRESSION

31.    Plaintiffs reallege all allegations of this Complaint.

32.    At the foresaid times and places, Defendants fraudulently failed to disclose to Plaintiffs and suppressed from the Plaintiffs the following material misrepresentations:

      (a)    That Plaintiffs could lose money on their investment;

      (b)    That Plaintiffs were not guaranteed the applicable rate of return, either 5% or 6%.

      (c)    That Plaintiffs would not have access to 90% of their investments without penalty after seven or ten years, or the applicable rate of interest; and

      (d)    That Plaintiffs should have been provided with a prospectus regarding all aspects of their investments either before or at the time of sale, which document was not provided to Plaintiffs;

33.    Plaintiffs acted as a result of the non-disclosure/suppression and/or fraudulent concealment and purchased the investment product of the Defendants.

34.    As a proximate consequence, Plaintiffs were injured and damaged as set forth above.

35.    Defendants consciously or deliberately engaged in suppression, fraud, wantonness, or malice with regard to Plaintiffs, thereby entitling Plaintiffs to punitive damages from these Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, including actual and punitive, in such a sum as a jury shall reasonably assess, in an amount exceeding the jurisdictional minimum of this Court, plus interest and all costs of this proceeding.

## COUNT THREE
## NEGLIGENT TRAINING AND SUPERVISION

36.    Plaintiffs reallege all allegations of this Complaint.

37.    Plaintiffs allege that agents, servants, and/or employees of Defendants negligently, wantonly, and/or willfully failed to adequately regulate, audit, supervise and/or monitor the activities of their agents and that Defendants negligently failed to detect and/or deter the misrepresentations of their agents.

38.    Defendants knew of should have known of the misrepresentations of their agents.

39.    Defendants impliedly authorized or ratified the conduct of their agents, and the acts of their agents were calculated to or did benefit Defendants.

40.    As a result of Defendants' actions, the Plaintiffs were injured and damaged as alleged above.

41.    Defendants consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to Plaintiffs, thereby depriving Plaintiffs of legal rights and entitling Plaintiffs to punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, including actual and punitive, in such a sum as a jury shall reasonably assess, in an amount exceeding the jurisdictional minimum of this Court, plus interest and all costs of this proceeding.

## COUNT FOUR
## BREACH OF CONTRACT

42.    Plaintiffs reallege all previous allegations contained in this Complaint.

43.    Plaintiffs aver that under the terms of their contracts, Plaintiffs were to receive an investment product with a guaranteed return of either 5% of 6% compounded annually after either seven or ten years.

44.    Plaintiffs aver that under the terms of their contracts, Plaintiffs were to have 90% access to a lump sum pay out of their investment, including the 5% or 6% guaranteed return compounded annually, without penalty after seven or ten years.

45.    Plaintiffs allege that Defendants breached their contracts with Plaintiffs in that they did not provide Plaintiffs with the product they bargained for.

46.    As a proximate consequence of Defendants' breach of contract,

Plaintiffs have been damaged as set forth above.

47.    Plaintiffs allege that the contractual duty owed Plaintiffs by Defendants is so related with matters of mental concern or apprehensiveness or with feelings of Plaintiffs, that a breach of that duty reasonably resulted in mental anguish to Plaintiffs and that Plaintiffs are entitled to recover for such mental anguish, physical suffering, annoyance, and inconvenience.

WHEREFORE, Plaintiffs demand judgment against Defendants for damages, including actual and punitive, in such a sum as a jury shall reasonably assess, in an amount exceeding the jurisdictional minimum of this Court, plus interest and all costs of this proceeding.

## COUNT FIVE
## CONVERSION

48.    Plaintiffs reallege all allegations of this Complaint.

49.    Plaintiffs aver that Defendants converted monies from Plaintiffs' accounts.

50.    Plaintiffs further aver that such conversion was wanton, willful, and/or malicious.

51.    As a proximate result of the aforementioned wrongful conduct of Defendants, Plaintiffs have been damaged as set forth herein.

52.    Plaintiffs further aver that Defendants are guilty of conduct evincing a

pattern or practice of intentional misconduct, or are guilt of conduct involving

actual malice.

WHEREFORE, Plaintiffs demand judgment against Defendants for

damages, including actual and punitive, in such a sum as a jury shall reasonably

assess, including interest and all costs of these proceedings, in an amount

exceeding the jurisdictional minimum of this Court.

Respectfully submitted,

One of the Attorneys for Plaintiffs

OF COUNSEL:
Andrew P. Campbell (CAM006)
Caroline Smith Gidiere (SMI209)
CAMPBELL, WALLER & POER, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL 35209
(205) 803-0051 phone
(205) 803-0053 fax
acampbell@cwp-law.com
cgidiere@cwp-law.com

M. Dale Marsh
Marsh Cotter & Tindol LLP
203 E. Lee Street
P. O. Box 310910
Enterprise, AL 36331
(334)347-2626
Fax  (334)393-1396
mdm@enterpriselawyers.com

## JURY DEMAND

Plaintiffs hereby request trial by struck jury in this cause of action on all claims so triable.

OF COUNSEL

## PLEASE SERVE THE FOLLOWING DEFENDANTS
## BY CERTIFIED MAIL:

**AXA EQUITABLE LIFE INSURANCE COMPANY**
**f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY**
**OF THE UNITED STATES**
1290 Avenue of the Americas, 4th Floor
New York, NY 10104


**AXA DISTRIBUTORS, LLC, f/k/a**
**EQUITABLE DISTRIBUTORS, LLC**
1290 Avenue of the Americas, 4th Floor
New York, NY 10104

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES P. ARANT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | |
| AXA EQUITABLE LIFE INSURANCE | ) | |
| COMPANY, fka THE EQUITABLE LIFE | ) | |
| ASSURANCE SOCIETY OF THE UNITED | ) | |
| STATES, and AXA DISTRIBUTORS, | ) | |
| LLC, fka EQUITABLE DISTRIBUTORS, | ) | |
| LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**EXHIBIT B TO
NOTICE OF REMOVAL**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JAMES P. ARANT, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.:** |
| ) | |
| **AXA EQUITABLE LIFE INSURANCE** ) | |
| **COMPANY, fka THE EQUITABLE LIFE** ) | |
| **ASSURANCE SOCIETY OF THE UNITED** ) | |
| **STATES, and AXA DISTRIBUTORS,** ) | |
| **LLC, fka EQUITABLE DISTRIBUTORS,** ) | |
| **LLC.,** ) | |
| ) | |
| **Defendants.** ) | |

## AFFIDAVIT OF NAOMI J. WEINSTEIN

**STATE OF NEW YORK**          )
                                                 )
**COUNTY OF NEW YORK**       )

Comes now Naomi J. Weinstein, who, upon being duly sworn, does depose and say as follows:

1.      My name is Naomi J. Weinstein.  I am competent to make this affidavit, and I have personal knowledge of the facts stated below.

2.      I am employed by AXA Equitable Life Insurance Company, f/k/a The Equitable Life Assurance Society of the United States ("AXA Equitable") as a Vice-President in the Annuity Product Management Department, and have been employed by AXA Equitable as a Vice-President since 1986.  In that role, I have access to and have reviewed business records disclosing the information herein.

3.    James P. Arant, Dorine Barranco, Rhoda S. Boone, Gayle S. Bullard, Gerald C. Caputo, Marjorie L. Caputo, Peggy J. Cole, Beverly L. Davis, Jesse D. Dean, Philip M. Dease, Jacqueline P. Draughon, Howard R. Dunn, Hans D. Erbskorn, Charlene B. Erbskorn, Charles B. Emmett, Kathryn M. Foster, Peggy Shannon Hall, Rabon W. Harrison, Ruth K. Harrison, James H. Hausman, Donald W. Hendley, Edward L. Hinson, Jeanette C. Hinson, Ann S. Holman, Gayle O. Hudson, Peggy June Johnson, Kenneth W. Joyner, James R. Little, Linda D. Little, Sarah A. Martin, Earl D. Matthews, Doris Matthews, Sarah McCord, Frank Miller, Jerry Mims, Jo Anne Merritt, Nina Sue New, Della M. Pass, Hugh A. Odom, Hazel J. Odom, Jeanette K. Parker, Kevin M. Patton, Mary Harriett Patton, Jack R. Perry, Freddy Quattlebaum, Billie S. Rivenbark, Roy W. Saunders, Carolyn H. Saunders, Earl T. Senn, Edna Senn, Reuben S. Shelley, June K. Shelley, Linda Cheri Kelly-Sherer, Anita Carol Shirah, Tommy E. Smith, Danny L. Snell, Tony R. Spivey, LaDonna B. Spivey, Floyd Starling, Virginia A. Starling, Willa C. Storey, Jeanette S. Sutherland, Mary E. Todd, Gerald F. Trammell, Betty M. Vann, F. Terry Walden, Shirley J. Walker, Debra Rebecca White, Ashley Hiatt Wiggins, James Zandy Williams, Sandra Williams, Pheobie D. Wilson, Lynda Wirtzfeld and Charles H. Woodham ("Plaintiffs") purchased deferred variable annuity contracts issued by AXA Equitable between 1997 and 2002.

4.    These contracts contain multiple investment options called variable investment funds. These variable investment funds are all part of investment companies such as Separate Account No. 45 and Separate Account 49, which were created by AXA Equitable and each of which is registered as an investment company under the Investment Company Act of 1940, as amended ("1940 Act"), and issue units that are registered under the Securities Act of 1933, as amended ("1933 Act").

5. Plaintiffs bought units of the variable investment funds when they made contributions to their annuity contracts which were allocated among the variable investment options. The variable investment funds, in turn, purchase shares issued by underlying registered investment companies under the 1940 Act, such as EQ Advisors Trust, whose shares are registered under the 1933 Act.

6. The units of the variable investment options fund the variable annuity contract and largely determine its value.

FURTHER AFFIANT SAITH NOT.

SWORN TO and SUBSCRIBED before me by Naomi J. weinstein on July 19, 2007.

CATHERINE ROUNDTREE
Notary Public, State of New York
No. 41-4990990
Qualified in Queens County
Commission Expires 1-21-20 10

Notary Public in and for the
State of New York
My commission expires: 1-21-2010