IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2007 JUL 20  P 3: 40

DEBRA P. HACKETT. CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JAMES P. ARANT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| AXA EQUITABLE LIFE INSURANCE | ) |
| COMPANY, fka THE EQUITABLE LIFE | ) |
| ASSURANCE SOCIETY OF THE UNITED | ) |
| STATES, and AXA DISTRIBUTORS, | ) |
| LLC, fka EQUITABLE DISTRIBUTORS, | ) |
| LLC., | ) |
| | ) |
| Defendants. | ) |

CIVIL ACTION NO.: 1:07-Cv-0664 MHT

## ANSWER OF DEFENDANTS AXA EQUITABLE LIFE INSURANCE COMPANY AND AXA DISTRIBUTORS, LLC

Defendants AXA Equitable Life Insurance Company ("AXA Equitable") and AXA Distributors, LLC ("AXA Distributors" and, together with AXA Equitable, the "Defendants") hereby answer Plaintiffs' Complaint, as follows:

### FIRST DEFENSE

Plaintiffs' claims are barred or preempted pursuant to the Securities Litigation Uniform Standards Act of 1998, codified at 15 U.S.C. § 77p(b).

### SECOND DEFENSE

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted pursuant to the Securities Litigation Uniform Standards Act of 1998, codified at 15 U.S.C. § 77p(b).

## THIRD DEFENSE

The Complaint, and each and every count thereof, fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

As and for their response to the numbered allegations of the complaint, Defendants state as follows:

1.      Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiffs identified in this paragraph, and demand strict proof thereof.

2.      Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiffs identified in this paragraph, and demand strict proof thereof.

3.      Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiffs identified in this paragraph, and demand strict proof thereof.

4.      Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiffs identified in this paragraph, and demand strict proof thereof.

5.      Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demand strict proof thereof.

6.      Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demand strict proof thereof.

7.     Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiffs identified in this paragraph, and demand strict proof thereof.

8.     Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demand strict proof thereof.

9.     Defendants are without sufficient information to admit or deny the allegations of this paragraph regarding the age and residency of the Plaintiff identified in this paragraph, and demand strict proof thereof.

10.     Defendants admit that AXA Equitable is a corporation organized under the laws of the State of New York with its principal place of business in the State of New York, and that AXA Equitable is authorized to do business in the State of Alabama, and has, at all relevant times, conducted business in Alabama.  To the extent not admitted by the foregoing, the allegations of paragraph 10 are denied.

11.     Defendants admit that: (1) AXA Distributors is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in the State of New York, (2) AXA Distributors is authorized to do business in the State of Alabama, and has, at all relevant times, conducted business in Alabama, (3) AXA Distributors distributes Accumulator annuities, (4) AXA Distributors is a broker-dealer, and (5) AXA Distributors is a member of the National Association of Securities Dealers.  To the extent not admitted by the foregoing, the allegations of paragraph 11 are denied.

12.     The allegations of this paragraph are not directed at Defendants, thus no response is required.  To the extent that a response may be deemed to be required, Defendants deny the allegations of this paragraph and demand strict proof thereof.

13.    Defendants are without knowledge or information sufficient to admit or deny the amount of damages that Plaintiffs are claiming.  Notwithstanding the foregoing, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

14.    Defendants admit that on the face of the Complaint, there are no claims stated under federal law, and as such, all of Plaintiffs' claims are barred or preempted pursuant to the Securities Litigation Uniform Standards Act of 1998, codified at 15 U.S.C. § 77p(b).

15.    Defendants are without knowledge or information sufficient to admit or deny the allegations of this paragraph separately and severally, and demand strict proof thereof. Defendants reserve all rights to contest joinder in this matter.

16.    Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

17.    Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

18.    Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

19.    Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

20.    Defendants deny the allegations of this paragraph separately and severally, and demand strict proof thereof.

21.    Defendants deny the allegations of this paragraph, but admit that Plaintiffs received statements regarding their AXA Equitable variable annuity investments.

22.    Defendants deny the allegations of this paragraph separately and severally, including its subparts, and demand strict proof thereof.

- 4 -

## COUNT ONE

23.    Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

24-30. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT TWO

31.    Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

32-35. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT THREE

36.    Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

37-41. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT FOUR

42.    Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

43.    The writings referenced in this paragraph speak for themselves, and any characterization of them is denied.  Without denying the existence and status of contracts of record, Defendants deny the material allegations of this paragraph, and demand strict proof thereof.

44.    The writings referenced in this paragraph speak for themselves, and any characterization of them is denied.  Without denying the existence and status of contracts of record, Defendants deny the material allegations of this paragraph, and demand strict proof thereof.

45-47. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## COUNT FIVE

48.    Defendants incorporate their responses to the foregoing allegations of the Complaint as if set out here in full.

49-52. Defendants deny the allegations of these paragraphs separately and severally, and demand strict proof thereof.

Defendants deny that Plaintiffs are entitled to the relief requested in the paragraph beginning with "WHEREFORE, Plaintiffs demand judgment" or to any relief whatsoever.

## FIFTH DEFENSE

Defendants plead the general issue.

## SIXTH DEFENSE

Defendants are not liable to plaintiffs.

## SEVENTH DEFENSE

Plaintiffs lack standing to sue.

## EIGHTH DEFENSE

Plaintiffs' claims are barred by estoppel, laches and/or waiver.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the Statute of Frauds.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of merger and under the parol evidence rule.

## TWELFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because plaintiffs have failed to mitigate their damages.

## THIRTEENTH DEFENSE

There is improper venue.

## FOURTEENTH DEFENSE

Defendants plead that the transactions alleged were voluntarily undertaken, that Plaintiffs had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiffs, that the terms of the contracts purchased were fully disclosed to Plaintiffs, that Plaintiffs knowingly entered into the transactions, having either understood the transactions or having failed to avail themselves of the opportunity to understand the transactions.

## FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of ratification.

## SIXTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure to do equity.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they have not sustained injury or damage as a result of the matters averred in the Complaint.

## EIGHTEENTH DEFENSE

Defendants aver that they did not participate in, authorize, ratify, or benefit from any alleged misrepresentations or wrongful acts that are asserted in the Complaint.

## NINETEENTH DEFENSE

Defendants deny that they have been guilty of any conduct that warrants the issue of punitive damages being submitted to a jury or allows plaintiffs to recover punitive damages.

## TWENTIETH DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred by sections 6-11-20, et seq., of the Code of Alabama.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims for the recovery of punitive damages are barred by section 6-11-27 of the Code of Alabama.

## TWENTY-SECOND DEFENSE

The punitive damages sought are in excess of comparable maximums established for criminal fines by the Alabama Legislature in Code of Alabama sections 13-A-4-11 and 13-A-5-12 jointly and separately.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiffs seek damages for alleged mental anguish or emotional distress, Plaintiffs cannot recover damages for such damages because Plaintiffs cannot allege or

prove that Plaintiffs have sustained a physical injury as a result of Defendants' alleged conduct or that Plaintiffs were placed in immediate risk of physical harm by that conduct.

## TWENTY-FOURTH DEFENSE

The rules of evidence as applied by the Alabama courts permit the admission of evidence of alleged mental pain and suffering in such a way as to violate the Due Process Clause of the United States Constitution and similar provisions of the Alabama Constitution.

## TWENTY-FIFTH DEFENSE

Plaintiffs cannot recover for mental pain and suffering, emotional distress or similar damages, if any, because there is no physical manifestation of the alleged mental anguish and there is no fixed, objective and/or clear and consistent standard under Alabama law for ascertaining the amount thereof, such that any award of said damages against Defendants would violate the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 6 of the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

## TWENTY-SIXTH DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendants by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

## TWENTY-SEVENTH DEFENSE

Defendants cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee or servant pursuant to Ala. Code § 6-11-27 (1993).

## TWENTY-EIGHTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## TWENTY-NINTH DEFENSE

Ala. Code § 6-11-21 bars Plaintiffs' claims for punitive damages to the extent that those claims exceed the amount of $500,000, which the Alabama Legislature has established as the outer limit for awards of punitive damages as a matter of public policy in this state.

## THIRTIETH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendants' substantive and procedural due process rights under the due process provisions of the Alabama Constitution.

## THIRTY-FIRST DEFENSE

Any award of punitive damages to Plaintiffs in this case is prohibited by the Due Process Clause of the Fourteenth Amendment until Defendants have first been provided with "an opportunity to present every available defense." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007) (quoting *Lindsey v. Normet*, 405 U.S. 56, 66 (1972)).

## THIRTY-SECOND DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is an unconstitutional taking of property from Defendants without due process, to the extent that

Plaintiffs seek to punish Defendants for an injury inflicted upon nonparties to this litigation (e.g., victims whom the Plaintiffs do not represent). "[T]he Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties . . ., i.e., injury that it inflicts upon those who are, essentially, strangers to the litigation." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1063 (2007). The Due Process Clause prohibits punishment of a defendant based on an injury to a nonparty because "a defendant threatened with punishment for such injury has no opportunity to defend against the charge." *Id.*

## THIRTY-THIRD DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because the State of Alabama lacks proper standards to "cabin the jury's discretionary authority." Thus, the punitive damage system in place in Alabama deprives Defendants of "fair notice . . . of the severity of the penalty that [could be] impose[d]," and subjects Defendants to an "arbitrary punishment" that did not reflect an "application of law" but rather "a decision maker's caprice." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1062 (2007) (citations omitted).

## THIRTY-FOURTH DEFENSE

Any claim for punitive damages, on its face and/or as applied in this case, is improper because Alabama law does not provide the appropriate standards for the imposition of punitive damages. Thus, Alabama's procedure for awarding punitive damages unnecessarily deprives juries of proper legal guidance and subjects Defendants to arbitrariness and inadequate notice. "[G]iven the risks of arbitrariness, inadequate notice, and imposing one State's policies on other States, it is particularly important that States avoid procedure that unnecessarily deprives juries

of proper legal guidance." *Philip Morris v. Williams*, 127 S.Ct. 1057, 1059 (2007) (citations omitted).

### THIRTY-FIFTH DEFENSE

Plaintiff's claims for punitive damages against the Defendants cannot be sustained, because an award of punitive damages based on anything other than Defendants' conduct toward actual parties imposes "one State's (or one jury's) 'policy choice' upon 'neighboring states' with different public policies," in violation of the Due Process Clause of the United States Constitution. *Philip Morris v. Williams*, 127 S. Ct. 1057, 1059 (2007) (quoting *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 568, 116 S.Ct. 1589, 134 L. Ed. 2d 809).

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims for punitive damages against Defendants cannot be sustained, because any such award of damages under Alabama law exceeding the limits authorized by the Alabama Criminal Code would constitute an excessive fine and cruel and unusual punishment in violation of the Fourteenth Amendment to the United States Constitution, the Eighth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and protection against excessive fines and cruel and unusual punishment.

### THIRTY-SEVENTH DEFENSE

Defendants reserve the right to assert the applicability of the Federal Arbitration Act, 9 U.S.C. § 1, et seq., to any and all claims made against Defendants that fall within any applicable arbitration provision contained in any account agreement or contract to which Plaintiffs are a party, third-party beneficiary or with which Plaintiffs' claims are intertwined. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims covered by an arbitration provision.

### THIRTY-EIGHTH DEFENSE

Defendants reserve the right to assert the applicability of the NASD Code of Arbitration Procedure to any and all claims made against Defendants that fall under the jurisdiction of NASD Dispute Resolution. This Answer is filed without waiving, and specifically reserving, the right to arbitrate any claims falling under the mandatory arbitration provisions of the NASD Code of Arbitration Procedure.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims are improperly joined.

### FORTIETH DEFENSE

Plaintiffs' claims are barred for the reason that their damages were caused by an intervening and/or superseding cause.

### FORTY-FIRST DEFENSE

Plaintiffs' losses, if any, were market losses that were not caused by Defendants and for which Defendants should not be held liable.

### FORTY-SECOND DEFENSE

Plaintiffs' injuries or damages, if any, are due to the acts or omissions of third parties over which Defendants had no control or right to control.

### FORTY-THIRD DEFENSE

Each of the Plaintiffs received a detailed prospectus which fully disclosed the material facts related to their investment.

## FORTY-FOURTH DEFENSE

Defendants reserve the right to assert other defenses and claims when and if it becomes appropriate during this action. Defendants hereby specifically deny any allegations contained in the Complaint which were not expressly admitted.

WHEREFORE, Defendants respectfully pray that upon final trial of this cause, final judgment be entered for Defendants and against Plaintiffs, that Plaintiffs take nothing by their suit, that all the relief prayed for by Plaintiffs be denied, that Defendants recover from Plaintiffs their costs and reasonable attorneys' fees and that Defendants have other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

A. Inge Selden III
John N. Bolus
Andrea M. Greene    BRE 10Z

Attorneys for Defendants
AXA Equitable Life Insurance Company and
AXA Distributors, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

- 14 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 20th day of July, 2007:

> Andrew P. Campbell, Esq.
> Caroline Smith Gidiere, Esq.
> CAMPBELL, WALLER & POER, LLC
> 2100-A SouthBridge Parkway, Suite 450
> Birmingham, Alabama  35209
>
> M. Dale Marsh, Esq.
> Marsh Cotter & Tindol LLP
> 203 E. Lee Street
> P. O. Box 310910
> Enterprise, Alabama  36331

OF COUNSEL