IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES P. ARANT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: |
| ) | 1:07-cv-664 |
| AXA EQUITABLE LIFE INSURANCE ) | |
| COMPANY, fka THE EQUITABLE LIFE ) | |
| ASSURANCE SOCIETY OF THE UNITED ) | |
| STATES, and AXA DISTRIBUTORS, ) | |
| LLC, fka EQUITABLE DISTRIBUTORS, ) | |
| LLC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Come now AXA Equitable Life Insurance Company ("AXA Equitable") and AXA Distributors, LLC ("AXA Distributors" and, together with AXA Equitable, the "Defendants"), and hereby move for judgment on the pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, on the grounds that the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77 *et seq.* ("SLUSA"), requires the dismissal of each and every cause of action asserted by the Plaintiffs. Defendants seek an order dismissing all of Plaintiffs' claims in this action, or, in the alternative, providing Plaintiffs leave to re-plead their claims based upon the federal securities laws.[1] In support of their motion, Defendants state as follows:

1. As set forth in Defendants' Notice of Removal filed on July 20, 2007, all of Plaintiffs' claims must be dismissed from this action because they are completely preempted by federal law under SLUSA. SLUSA expressly provides that no "covered class action" based on

---

[1] Defendants further seek a stay of the requirements of the Rule 26(f) Order entered by this Court on July 25, 2007, including all disclosure and discovery requirements thereunder at this time, based upon the mandatory stay that would be in place had Plaintiffs pleaded their claims properly under the federal securities laws. *See* Defendants' Motion for Stay of Requirements Under Rule 26(f) Order, filed contemporaneously herewith.

- 1 -

state common law may be maintained in any state or federal court by any private person if it alleges misrepresentations in connection with the purchase or sale of a "covered security." The Complaint in this case asserts various common law claims on behalf of 75 investors which arise from the sale of variable annuities. As such, Plaintiffs' Complaint is a "covered class action" involving the purchase of "covered securities," and SLUSA requires its dismissal. 15 U.S.C. § 78bb(f); *see Behlen v. Merrill Lynch, et al.*, 311 F.3d 1087, 1094 (11th Cir. 2002) (affirming removal and dismissal of action based on SLUSA preemption); *Superior Partners v. Chang*, 471 F. Supp. 2d 750, 752 (S.D. Texas 2007) ("SLUSA permits removal and requires dismissal of certain securities class actions"); *Gibson v. PS Group Holdings, Inc.*, No. 00-CV-0372, 2000 WL 777818 at *3 (S.D. Cal.) ("Taken together, [the SLUSA] provisions authorize removal and subsequent dismissal" of state-law multi-plaintiff actions that allege misrepresentation or omission in connection with the purchase or sale of a covered security).

2. Specifically, the section in SLUSA that preempts Plaintiffs' state law claims is entitled "class action limitations." That section states:

> No **covered class action** based upon the statutory or common law of any State of subdivision thereof may be maintained in any State or Federal court by any private party alleging -
>
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a **covered security**; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a **covered security**.

15. U. S. C. §77p(b) (emphasis added).

3. The term "covered class action" as used under SLUSA is defined as follows:

> (i) any single lawsuit in which -

      (a)    damages are sought on behalf of more than 50 persons or prospective class members, and questions of law or fact common to those persons or members of the prospective class, without reference to issues of individualized reliance on alleged misstatement or omission, predominate over any questions affecting only individual persons or members; or

      (b)    one or more named parties seek to recover damages on a representative basis on behalf of themselves and any other unnamed parties similarly situated, and questions or law or fact common to those persons or members of the prospective class predominate over any questions affecting only individual persons or members; . . .

15 U.S.C. §77p(f)(2)(A).

    4.    This action is a "covered class action" under SLUSA because the Complaint purports to seek damages on behalf of 75 persons for alleged misrepresentations occurring in connection with the purchase of variable annuity contracts. (Complaint ¶¶ 16-22). Specifically, Plaintiffs claim that Defendants made representations that Plaintiffs would receive a guaranteed rate of return if they purchased the variable annuities at issue. (Complaint ¶ 16). Plaintiffs further allege that the Defendants' representations failed to disclose the variable nature of the investment subaccounts of the variable annuity contracts. (Complaint ¶ 18). Plaintiffs claim that they purchased the annuities at issue in reliance on the Defendants' misrepresentations and omissions. (Complaint ¶ 20-21). Plaintiffs also allege that their "claims arise out of or relate to two series of transactions and occurrences and present common questions of law and/or fact." (Complaint ¶ 15).

5.      In addition, the variable annuity contracts referred to in Plaintiffs' complaint fall within the definition of "covered securities." The term "covered security" as used in SLUSA is defined as follows:

> The term "covered security" means a security that satisfies the standards for a covered security specified in paragraph (1) or (2) of §77r(b) of this title at the time during which it is alleged that the misrepresentation, omission, or manipulative or deceptive conduct occurred. . . ."

15 U.S.C. §77p(f)(3). Section 77r(b) defines a "covered security" as "a security issued by an investment company that is registered, or that has filed a registration statement, under the Investment Company Act of 1940." *See* 15 U.S.C. § 77r(b)(2).

6.      The variable annuities at issue are "covered securities" because they contain variable investment funds that are part of investment companies which are registered under the Investment Company Act of 1940, as amended ("1940 Act"), and which issue units that are registered under the Securities Act of 1933, as amended ("1933 Act"). *See* Affidavit of Naomi J. Weinstein, ¶¶ 4-6 (attached to Defendants' Notice of Removal as Exhibit B). Plaintiffs purchased units of the variable investment funds when they made contributions to their annuity contracts, and the value of their variable annuity contracts was largely determined by the performance of the variable investment funds. *Id*.

7.      Moreover, this Court has previously held that variable annuities are "covered securities" under SLUSA. *Gilmore v. MONY Life Ins. Co. of America*, 165 F. Supp. 2d 1276, 1288 (M.D. Ala. 2001) (holding that the variable annuity purchased by the plaintiff was a "covered security," and dismissing the plaintiff's Complaint under SLUSA). Other courts have issued similar holdings. *See, e.g., Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1254 (11th Cir. 2003) (holding that variable life insurance, like variable annuities, falls within

"SLUSA's definition of a 'covered security'"); *Dudek v. Prudential Secs., Inc.*, 295 F.3d 875, 878 (8th Cir. 2002); *Patenaude v. The Equitable Life Assurance Society of the United States*, 290 F.3d 1020, 1024 (9th Cir. 2002); *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001) (variable annuity contracts were "covered securities" under SLUSA); *In re Mutual Funds Investment Litigation*, 437 F. Supp. 2d 439, 444 (D. Md. 2006) (holding that variable annuities, including a variable annuity issued by AXA Equitable, are "covered securities" under SLUSA); *Winne v. The Equitable Life Assurance Society of the United States*, 315 F. Supp. 2d 404, 411 (S.D.N.Y. 2003) (holding that a variable annuity issued by AXA Equitable was a "covered security" under SLUSA).

8. Although the complaint as stated is due to be dismissed, SLUSA does not operate to deprive Plaintiffs of a remedy. Among other alternatives, Plaintiffs may re-plead their claims before this Court as an action under the federal securities laws and which complies with the Private Securities Litigation Reform Act of 1995 ("PSLRA").

9. If any question arises as to the propriety of the dismissal of this action, Defendants request the opportunity to present a brief and oral argument in support of their position.

WHEREFORE, Defendants AXA Equitable Life Insurance Company and AXA Distributors, LLC respectfully request that the Court dismiss the complaint, with leave to Plaintiffs to re-plead the Complaint as an action alleging federal securities law claims.

Respectfully submitted,

 /s/ John N. Bolus
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea M. Greene (GRE102)

Attorneys for Defendants
AXA Equitable Life Insurance Company and
AXA Distributors, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

## **CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the __27th__ day of July, 2007:

    Andrew P. Campbell, Esq.
    Caroline Smith Gidiere, Esq.
    CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
    2100-A SouthBridge Parkway, Suite 450
    Birmingham, Alabama  35209

    M. Dale Marsh, Esq.
    Marsh Cotter & Tindol LLP
    203 E. Lee Street
    P. O. Box 310910
    Enterprise, Alabama  36331


           ___/s/ John N. Bolus_____
           OF COUNSEL