IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES P. ARANT, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>AXA EQUITABLE LIFE INSURANCE COMPANY, fka THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, and AXA DISTRIBUTORS, LLC, fka EQUITABLE DISTRIBUTORS, LLC.,<br><br>    Defendants. | CIVIL ACTION NO.:<br>1:07-cv-664 |

**DEFENDANTS' MOTION FOR STAY OF REQUIREMENTS
UNDER RULE 26(f) ORDER**

Come now AXA Equitable Life Insurance Company ("AXA Equitable") and AXA Distributors, LLC ("AXA Distributors" and, together with AXA Equitable, the "Defendants"), and hereby move for a stay of the requirements of the Rule 26(f) Order entered by this Court on July 25, 2007, including all disclosure and discovery requirements thereunder at this time, based upon the mandatory stay that would be in place had Plaintiffs pleaded their claims properly under the federal securities laws. In support of their motion, Defendants state as follows:

    1.    Defendants have filed contemporaneously herewith a Motion for Judgment on the Pleadings pursuant to Rule 12(c), Federal Rules of Civil Procedure, on the grounds that the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77 *et seq.* ("SLUSA"), requires the dismissal of each and every cause of action asserted by the Plaintiffs. In their motion, Defendants seek an order dismissing all of Plaintiffs' claims in this action, or, in the alternative, providing Plaintiffs leave to re-plead their claims based upon the federal securities laws.

2.      Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), all discovery must be stayed during the pendency of a motion challenging the sufficiency of the Complaint:

> In any private action arising under this subchapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. § 77z-1(b)(1); *see also* 15 U.S.C. § 78u-4(b)(3)(B).  Courts have interpreted the stay broadly to protect defendants from the burden of responding to discovery requests until the legal sufficiency of the plaintiffs' claims is established.  *SG Cowen Securities Corp. v. United States Dist. Ct. N. Dist. of Cal.*, 189 F.3d 909, 912-13 (9th Cir. 1999)("The 'Stay of Discovery' provision of the Act clearly contemplates that 'discovery should be permitted in securities class actions only after the court has sustained the legal sufficiency of the complaint.'")(quoting S. Rep. No. 98, 104th Cong., 1st Sess., at 14 (1995)); *Medhekar v. United States Dist. Court N. Dist. of Cal.*, 99 F.3d 325 (9th Cir. 1996)(holding that the stay of discovery mandated by PSLRA, intended to protect defendants from the expense of responding to unnecessary and burdensome discovery requests, includes a stay of the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1)); *Novak v. Kasaks, et al.*, 1996 U.S. Dist. LEXIS 11778 (S.D.N.Y. 1996)(holding that the stay of discovery includes discovery sought from non-parties.).  Here, the legislative determination in the PSLRA that the defendants should be protected by a stay applies with special force because Plaintiffs' Complaint is rendered a nullity by SLUSA.

3.      If any question arises as to the propriety of the stay of discovery and disclosure requirements, Defendants request the opportunity to present a brief and oral argument in support of their position.

- 3 -

WHEREFORE, Defendants AXA Equitable Life Insurance Company and AXA Distributors, LLC respectfully request that this Court enter a stay of the requirements of the Rule 26(f) Order entered by this Court on July 25, 2007, including all disclosures and discovery, during the pendency of their Motion for Judgment on the Pleadings.

Respectfully submitted,

 /s/ John N. Bolus
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea M. Greene (GRE102)

Attorneys for Defendants
AXA Equitable Life Insurance Company and
AXA Distributors, LLC

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

**CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the  27th  day of July, 2007:

     Andrew P. Campbell, Esq.
     Caroline Smith Gidiere, Esq.
     CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
     2100-A SouthBridge Parkway, Suite 450
     Birmingham, Alabama  35209

     M. Dale Marsh, Esq.
     Marsh Cotter & Tindol LLP
     203 E. Lee Street
     P. O. Box 310910
     Enterprise, Alabama  36331

     /s/ John N. Bolus
     OF COUNSEL