IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES P. ARANT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07-CV-664-MHT |
| ) | |
| AXA EQUITABLE LIFE INSURANCE ) | |
| COMPANY, fka THE EQUITABLE LIFE ) | |
| ASSURANCE SOCIETY OF THE UNITED ) | |
| STATES, and AXA DISTRIBUTORS, ) | |
| LLC, fka EQUITABLE DISTRIBUTORS, ) | |
| LLC., ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

COME NOW THE PLAINTIFFS, James P. Arant et al., and pursuant to Federal Rule of Civil Procedure 41, move this Court to allow them to dismiss their Complaint without prejudice. In support of their motion, Plaintiffs state as follows:

### I. PROCEDURAL HISTORY

Plaintiffs filed their Complaint in this case on June 18, 2007 in the Houston County, Alabama Circuit Court, bringing state law claims of fraud, suppression, negligent training and supervision, breach of contract, and conversion against Defendants in connection with their sale of variable annuities to Plaintiffs. Doc. 1. Defendants removed the case to this Court on July 20, 2007, alleging that Plaintiffs' claims were preempted by SLUSA. Defendants then filed a Motion for Judgment on the Pleadings on July 27, 2007, "on the grounds that [SLUSA] requires the dismissal of each and every cause of action asserted by the Plaintiffs," because SLUSA provides that Plaintiffs' claims as asserted are completely preempted by federal law.

1

Defendants' Motion for Judgment on the Pleadings, Doc. 5, at 1. Plaintiffs acknowledge that, as currently pled, their claims are preempted under SLUSA. Thus, in the interests of justice, Plaintiffs request leave to dismiss their Complaint without prejudice to their ability to refile.

## II. STANDARD OF LAW

### Voluntary Dismissal Without Prejudice: Federal Rule of Civil Procedure 41(a)

Federal Rule of Civil Procedure 41(a)(2) provides for voluntary dismissal of a case at the plaintiff's instance "upon order of the court and upon such terms and conditions as the court deems proper." "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). Pursuant to Rule 41(a)(2), a plaintiff, with the approval of the Court, may dismiss an action voluntarily and without prejudice to future litigation at any time during the litigation process. *McCants v. Ford Motor Company, Inc.*, 781 F.2d 855, 856 (11th Cir.1986). Only if a defendant will suffer clear legal prejudice is denial of a motion for voluntary dismissal warranted. *Id.* at 857. *See also Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir.2001). "The prospect of a second lawsuit on the same set of facts is not sufficient legal prejudice to the defendant to justify denying a plaintiff's motion to dismiss without prejudice. *See Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366 (5th Cir.1967)." *BMC-The Benchmark Management Co. v. Ceebraid-SignalCorp.*, 2007 WL 2126272 at *4 (N.D. Ga., July 23, 2007) (slip copy). *See also McCants*, 781 F.2d at 857.

## III. ARGUMENT

### Voluntary Dismissal is Proper in this Case under Rule 41(a)(2).

Voluntary dismissal without prejudice should be permitted absent "clear legal prejudice" to the Defendants. *McCants v. Ford Motor Company, Inc.*, 781 F.2d at 856-57. In this case, no prejudice would result from a dismissal without prejudice to plaintiffs' ability to refile.

2

Defendants are aware of the claims; the initial Complaint was filed less than two months ago, and the parties have not invested time or money as yet in discovery. No counterclaims have been filed in the case.

Courts permit dismissal without prejudice of claims barred by SLUSA. In *Hardy v. Merrill Lynch, Pierce, Fenner & Smith*, 189 F. Supp. 2d 14 (S.D.N.Y. 2001), the court dismissed the plaintiff's SLUSA-preempted claims without prejudice and stated, "Plaintiff, of course, may recommence an action in state court limited to issues of state law." *See also Rowinski v. Salomon Smith Barney, Inc.*, 2003 WL 22740976 (M.D. Pa. Nov. 20, 2003) (not reported) (SLUSA-preempted claims dismissed without prejudice); *G.F. Thomas Investments, L.P., v. Cleco Corp.*, 317 F. Supp. 2d 673, 676 (W.D. La. 2004) (in which the procedural history of the case involved approval of a stipulated dismissal of the SLUSA-preempted action without prejudice, allowing Plaintiffs to re-file non-preempted claims).

Because no prejudice to the Defendants would result from a dismissal without prejudice of Plaintiffs' claims, the Court should allow Plaintiffs to voluntarily dismiss their claims with leave to refile.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court allow Plaintiffs to dismiss the Complaint without prejudice to their ability to refile and to assert non-preempted claims.

3

Respectfully Submitted,

_____
One of the Attorneys for Plaintiffs

OF COUNSEL:
Andrew P. Campbell (CAM006)
Caroline Smith Gidiere (SMI209)
CAMPBELL, GIDIERE, LEE,
SINCLAIR & WILLIAMS, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL  35209
(205) 803-0051 phone
(205) 803-0053 fax
acampbell@cwp-law.com
cgidiere@cwp-law.com

M. Dale Marsh (MAR040)
Marsh Cotter & Tindol LLP
203 E. Lee Street
P.O. Box 310910
Enterprise, AL  36331
(334) 347-2626 phone
(334) 393-1396 fax
mdm@enterpriselawyers.com

4

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served by depositing the same in the United State mail, properly addressed and postage prepaid, to the following counsel of record on August 8, 2007.

AXA Equitable Life Insurance Company
f/k/a The Equitable Life Assurance Society of the U.S.
AXA Distributors LLC,
f/k/a Equitable Distributors, LLC
A. Inge Selden III
John N. Bolus
Andrea M. Greene
Maynard, Cooper & Gale, PC
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
205.254.1000

_____
OF COUNSEL