IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES P. ARANT, et al.,        ) | |
| ) | |
| Plaintiffs,        ) | |
| ) | |
| v.                                           ) | CIVIL ACTION NO.: |
| ) | 1:07-cv-664-MHT |
| AXA EQUITABLE LIFE INSURANCE        ) | |
| COMPANY, fka THE EQUITABLE LIFE   ) | |
| ASSURANCE SOCIETY OF THE UNITED ) | |
| STATES, and AXA DISTRIBUTORS,          ) | |
| LLC, fka EQUITABLE DISTRIBUTORS,    ) | |
| LLC.,                                                       ) | |
| ) | |
| Defendants.        ) | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AND IN RESPONSE TO PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE

AXA Equitable Life Insurance Company ("AXA Equitable") and AXA Distributors, LLC ("AXA Distributors" and, together with AXA Equitable, the "Defendants") hereby submit this memorandum of law in support of their Motion For Judgment on the Pleadings. Defendants also submit this memorandum in response to Plaintiffs' Motion to Dismiss Without Prejudice. While it is apparent that all parties are seeking dismissal of the Complaint in this action as pled, Defendants ask that this Court make express findings regarding the posture of this case in furtherance of the purposes and intent of the Securities Litigation Uniform Standards Act, 15 U.S.C. §77p and 15 U.S.C. §78bb ("SLUSA"). A proposed Order of Dismissal is attached hereto as Exhibit "A."

On July 20, 2007, Defendants filed a Notice of Removal, removing this action to federal court on the grounds that all of Plaintiffs' claims, as asserted jointly through the Complaint in this action, are completely preempted by federal law under SLUSA. SLUSA expressly provides

that no "covered class action" based on state common law may be maintained in any state or federal court by any private person if it alleges misrepresentations in connection with the purchase or sale of a "covered security." 15. U. S. C. §77p(b) (preempting "covered class actions" alleging "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security").

"Covered class actions" under SLUSA involve a request for damages on behalf of more than 50 persons where "questions of law or fact common to those persons . . . predominate over any questions affecting only individual persons." 15 U.S.C. § 78bb(f). The Complaint in this case asserts various common law claims on behalf of 75 investors which arise out of alleged misrepresentations occurring in connection with the purchase of variable annuity contracts. (Complaint ¶¶ 16-22). Plaintiffs allege that their "claims arise out of or relate to two series of transactions and occurrences and present common questions of law and/or fact." (Complaint ¶ 15). As such, Plaintiffs have brought this action jointly in a manner that falls squarely within the definition of a "covered class action." *See* 15 U.S.C. § 78bb(f); *Behlen v. Merrill Lynch, et al.*, 311 F.3d 1087, 1094 (11th Cir. 2002) (affirming removal and dismissal of action based on SLUSA preemption).

Moreover, this Court, in agreement with other courts across the country, has held that variable annuities and the variable investment options therein are "covered securities" under SLUSA. *Gilmore v. MONY Life Ins. Co. of America*, 165 F. Supp. 2d 1276, 1288 (M.D. Ala. 2001) (holding that the variable annuity purchased by the plaintiff was a "covered security," and dismissing the plaintiff's Complaint under SLUSA); *Herndon v. Equitable Variable Life Ins. Co.*, 325 F.3d 1252, 1254 (11th Cir. 2003) (holding that variable life insurance, like variable annuities, falls within "SLUSA's definition of a 'covered security'"); *Lander v. Hartford Life &*

*Annuity Ins. Co.*, 251 F.3d 101 (2d Cir. 2001) (variable annuity contracts were "covered securities" under SLUSA); *In re Mutual Funds Investment Litigation*, 437 F. Supp. 2d 439, 444 (D. Md. 2006) (holding that variable annuities, including a variable annuity issued by AXA Equitable, are "covered securities" under SLUSA); *Winne v. The Equitable Life Assurance Society of the United States*, 315 F. Supp. 2d 404, 411 (S.D.N.Y. 2003) (holding that a variable annuity issued by AXA Equitable was a "covered security" under SLUSA).

By Plaintiffs' own admission, their claims are preempted by SLUSA. (Plaintiffs' Motion to Dismiss, p. 2). Accordingly, Plaintiffs may re-plead their claims before this Court as an action under the federal securities laws and which complies with the Private Securities Litigation Reform Act of 1995 ("PSLRA"). In the alternative, Plaintiffs' claims may be dismissed without prejudice, providing Plaintiffs with the opportunity to re-file their claims in a manner not inconsistent with the provisions of SLUSA. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 126 S.Ct. 1503, 1513 (SLUSA's stated purpose is "to prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives" of the PSLRA; SLUSA is to be interpreted broadly in order to effectuate that purpose); *Spencer v. Wachovia Bank*, No. 05-81016; 2006 WL 3408043 at *2 (S.D. Fla. 2006) ("Artful pleading is insufficient to overcome the application of SLUSA: when the 'gravamen' or 'essence' of the Complaint involves an untrue statement or substantive omission of a material fact, and when that conduct coincides with a transaction involving a covered security, SLUSA mandates dismissal"). In other words, the ability to re-file a claim in state court is not without limits and should not be allowed if the purpose is an improper avoidance of legislative intent. *In re WorldCom, Inc. Securities Litigation*, 308 F. Supp. 2d 236, 244, 249 (S.D.N.Y. 2004) (dismissing with prejudice claims under SLUSA and noting the court's uniform rejection of plaintiffs' attempts to avoid

SLUSA preemption through "artful pleading"); S.Rep. No. 105-182, p. 7-8 (1998) (SLUSA was intended to prevent the evasion of the PSLRA through the use of state court "mass actions"). [1]

Plaintiffs now have indicated that they will not seek to assert claims under federal securities laws. Instead they have requested that this Court dismiss their claims without prejudice to provide them with the opportunity to re-file and assert non-preempted claims. Defendants do not object to an order dismissing the Complaint without prejudice, and providing the Plaintiffs with an opportunity to re-file their claims in a manner which comports with the intent behind the PSLRA and which does not seek to end-run the provisions of SLUSA through artful pleading. Defendants have submitted a proposed order, attached as Exhibit "A" hereto, setting out the posture of this case and the basis for dismissal. Defendants request entry of this order or a similar order that indicates not simply a voluntary dismissal, but that this dismissal is required under SLUSA based upon the manner in which Plaintiffs chose to assert their claims.

WHEREFORE, premises considered, Defendants request entry of an order of dismissal in the form, or similar to the form, of the Order of Dismissal attached as Exhibit A.

Respectfully submitted,

/s/ Andrea M. Greene
A. Inge Selden III (SEL003)
John N. Bolus (BOL022)
Andrea M. Greene (GRE102)

Attorneys for Defendants
AXA Equitable Life Insurance Company
and AXA Distributors, LLC

---

[1] The PSLRA was enacted in 1995 to prevent "perceived abuses of the class-action vehicle in litigation involving nationally traded securities." *Dabit*, 126 S.Ct. at 1510. The PSLRA effectuates this purpose through the imposition of "heightened pleading requirements in actions brought pursuant to § 10(b) and Rule 10b-5; it insists that securities fraud complaints specify each misleading statement; that they set forth the facts on which [a] belief that a statement is misleading was formed; and that they state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." *Id*. at 1511 (internal citations omitted).

- 5 -

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2602
(205) 254-1000

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed people by electronic notice through the CM/ECF document management system, dated this the 16th day of August, 2007:

>Andrew P. Campbell, Esq.
>Caroline Smith Gidiere, Esq.
>CAMPBELL, GIDIERE, LEE, SINCLAIR & WILLIAMS
>2100-A SouthBridge Parkway, Suite 450
>Birmingham, Alabama  35209

>M. Dale Marsh, Esq.
>Marsh Cotter & Tindol LLP
>203 E. Lee Street
>P. O. Box 310910
>Enterprise, Alabama  36331

       /s/  Andrea M. Greene
       OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES P. ARANT, et al.,          ) | |
|          ) | |
|   Plaintiffs,         ) | |
|          ) | |
| v.         ) | CIVIL ACTION NO.: |
|          ) | 1:07-cv-664-MHT |
| AXA EQUITABLE LIFE INSURANCE         ) | |
| COMPANY, fka THE EQUITABLE LIFE         ) | |
| ASSURANCE SOCIETY OF THE UNITED )  | |
| STATES, and AXA DISTRIBUTORS,         ) | |
| LLC, fka EQUITABLE DISTRIBUTORS,         ) | |
| LLC.,         ) | |
|          ) | |
|   Defendants.         ) | |

**EXHIBIT A TO:
DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS AND IN RESPONSE TO
<u>PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES P. ARANT, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: |
| | ) | 1:07-cv-664-MHT |
| **AXA EQUITABLE LIFE INSURANCE** | ) | |
| **COMPANY, fka THE EQUITABLE LIFE** | ) | |
| **ASSURANCE SOCIETY OF THE UNITED** | ) | |
| **STATES, and AXA DISTRIBUTORS,** | ) | |
| **LLC, fka EQUITABLE DISTRIBUTORS,** | ) | |
| **LLC.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

Before the Court are Defendants' Motion for Judgment on the Pleadings, Defendants' Motion for Stay of Requirements Under Rule 26(f) Order, and Plaintiffs' Motion to Dismiss Without Prejudice. The Court, having considered the record, finds that Defendants' Motion for Judgment on the Pleadings and Plaintiffs' Motion to Dismiss Without Prejudice are due to be GRANTED. The Court further finds that Defendants' Motion for Stay of Requirements Under Rule 26(f) Order is MOOT.

The Court finds that Plaintiffs' Complaint, as pled, is preempted by the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77p *et seq.* ("SLUSA"). The Court finds that this action falls within SLUSA's definition of a "covered class action" because the Complaint seeks damages on behalf of 75 persons, and Plaintiffs have pled that those claims are properly joined "because they arise out of or relate to two series of transactions and occurrences and present common questions of law and/or fact." Complaint at ¶ 15. Further, the Court finds that the Complaint seeks damages on the basis of alleged misrepresentations occurring in

connection with the purchase of variable annuity contracts, which are "covered securities" under SLUSA. Plaintiffs do not dispute that their claims as pled are preempted by SLUSA.

The Court finds that because Plaintiffs' claims are preempted by SLUSA, Plaintiffs may re-plead their claims before this Court as an action under the federal securities laws which complies with the Private Securities Litigation Reform Act of 1995. In the alternative, Plaintiffs' claims may be dismissed without prejudice, providing Plaintiffs with the opportunity to re-file their claims in a manner not inconsistent with the provisions of SLUSA. Plaintiffs have requested that this Court dismiss their claims without prejudice. Accordingly, it is:

ORDERED, ADJUDGED and DECREED that Defendants' Motion for Judgment on the Pleadings and Plaintiffs' Motion to Dismiss Without Prejudice are GRANTED, and that all counts and claims in the Complaint herein are DISMISSED WITHOUT PREJUDICE. Defendants' Motion for Stay of Requirements Under Rule 26(f) Order is rendered MOOT.

DONE this _____ day of August, 2007.

_____
UNITED STATES DISTRICT JUDGE