# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES P. ARANT, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **1:07-CV-664** |
| **AXA EQUITABLE LIFE INSURANCE** | ) | |
| **COMPANY, fka THE EQUITABLE LIFE** | ) | |
| **ASSURANCE SOCIETY OF THE UNITED** | ) | |
| **STATES, and AXA DISTRIBUTORS,** | ) | |
| **LLC, fka EQUITABLE DISTRIBUTORS,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

The Plaintiffs acknowledge that, as stated in Defendants' Motion for Judgment on the Pleadings, the Plaintiffs' claims are preempted under the Securities Litigation Uniform Standards Act of 1998, 15 U.S.C. § 77 *et seq.* ("SLUSA"). However, in the interests of justice, Plaintiffs request that the Court's order not enter judgment on the pleadings, which would entail a dismissal of the action with prejudice. Rather, the Plaintiffs request that the Court dismiss the claims under Fed. R. Civ. P. 41(a)(2) without prejudice to Plaintiffs' ability to refile non-preempted state law claims.

1

## I. <u>ARGUMENT</u>

### 1. Procedural Posture and Legal Standard

Defendants have moved for a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Plaintiffs' claims are completely preempted by SLUSA. SLUSA preempts all "covered class actions," which include actions on behalf of more than 50 persons. 15 U.S.C. § 77p(f)(2). In this action, 75 plaintiffs have joined together to bring their claims against the Defendants. Their claims, therefore, are a "covered class action" preempted by SLUSA. Plaintiffs have separately filed a motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2), seeking to preserve their right to file non-preempted state law claims. The Defendants' Motion for Judgment on the Pleadings, if granted, should be without prejudice, as the individuals' substantive state law claims are not barred, but are only barred if filed as a "covered class action" under SLUSA. However, a grant of Plaintiffs' motion for dismissal without prejudice should render moot the Defendants' Motion for Judgment on the Pleadings.

Under Federal Rule of Civil Procedure 41(b), Involuntary Dismissals, "*Unless the court in its order for dismissal otherwise specifies,* a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule

19, operates as an adjudication upon the merits." In other words, unless the Court specifies otherwise, granting Defendants' motion for judgment on the pleadings will result in dismissal with prejudice. However, the Court may specify that the dismissal is without prejudice, and should do so in this case.

**2. The Dismissal of Plaintiffs' Claims Should Be Without Prejudice.**

Because Plaintiffs are only barred from bringing a "covered class action" under SLUSA, justice requires that the Court dismiss the claims without prejudice to Plaintiffs' ability to refile non-preempted claims. Voluntary dismissal without prejudice should be permitted absent "clear legal prejudice" to the Defendants. *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856-57 (11th Cir. 1986). In this case, no prejudice would result from a dismissal without prejudice to plaintiffs' ability to refile. Defendants are aware of the claims; the initial Complaint was filed less than two months ago, and the parties have not invested time or money as yet in discovery. No counterclaims have been filed in the case. *See also Simon v. Castello*, 172 F.R.D. 103 (D.C.N.Y.1997) (upon granting of motion to dismiss complaint, absent showing of undue delay, bad faith, dilatory motive the part of plaintiff, undue prejudice to opposing party, or futility of amendment, plaintiff should be granted leave to replead); *Weaver v. Chrysler Corp.*, 172 F.R.D. 96 (D.C.N.Y.1997) (leave would be granted, with caution against perfunctory substantive or cosmetic changes, for plaintiff to replead after dismissal when

defendant failed to establish undue delay or prejudice, that plaintiff's request was motivated by bad faith or dilatory tactics, or that amendment to overcome pleading deficiencies would be futile); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.,* 170 F.R.D. 361 (D.C.N.Y.1997) (refusal to grant leave to replead following dismissal of complaint for failure to state claim without any justifying reason is abuse of court's discretion).

Courts have allowed dismissal without prejudice of claims barred by SLUSA. In *Hardy v. Merrill Lynch, Pierce, Fenner & Smith*, 189 F. Supp. 2d 14 (S.D.N.Y. 2001), the court dismissed the plaintiff's SLUSA-preempted claims without prejudice and stated, "Plaintiff, of course, may recommence an action in state court limited to issues of state law." *See also Rowinski v. Salomon Smith Barney, Inc.*, 2003 WL 22740976 (M.D. Pa. Nov. 20, 2003) (not reported) (SLUSA-preempted claims dismissed without prejudice); *G.F. Thomas Investments, L.P., v. Cleco Corp.*, 317 F. Supp. 2d 673, 676 (W.D. La. 2004) (in which the procedural history of the case involved approval of a stipulated dismissal of the SLUSA-preempted action without prejudice, allowing Plaintiffs to re-file non-preempted claims).

As the Defendants have stated in their Motion for Judgment on the Pleadings, the Complaint *as it stands* is preempted by the SLUSA. Defendants implicitly admit in their Motion for Judgment on the Pleadings that the claims' dismissal should be without prejudice. As Defendants state, "***Among other alternatives***,

Plaintiffs may re-plead their claims before this Court as an action under the federal securities laws and which complies with the Private Securities Litigation Reform Act of 1995 ("PSLRA").  Defendants' Motion for Judgment on the Pleadings, Doc. 5, at 5 (emphasis added).

However, because of the length of time during which the Defendants concealed their violations, any federal Securities Act claims Plaintiffs may have had are barred by the five-year statute of repose currently in effect for federal securities fraud claims under the Sarbanes Oxley Act, Pub. L. No. 107-204, 116 Stat. 745 (2002) (codified at 28 U.S.C. § 1658(b)).  Accrual for the statute of repose is from the date of "commitment . . . to the transaction."  *APA Excelsior III, L.P. v. Premiere Technologies, Inc.*, 476 F.3d 1261, 1267 (11th Cir. 2007).  Thus, the only remaining claims permitted to Plaintiffs are individual state-law actions. SLUSA does not preempt individual actions; by definition, it preempts only "covered class actions" defined, *inter alia*, as "Any group of lawsuits filed in or pending in the same court" in which "[d]amages are sought on behalf of more than 50 persons."  15 U.S.C. § 77p(f)(2)(A); 15 U.S.C.  § 78bb(f)(5)(B).  "The Act does not deny any individual plaintiff, or indeed any group of fewer than 50 plaintiffs, the right to enforce any state-law cause of action that may exist."  *Merrill, Lynch, Pierce, Fenner & Smith v. Dabit*, 126 S. Ct. 1503, 1514, 547 U.S. 71 (2006).  *See also Popp Telecom, Inc. v. American Sharecom, Inc.*, 361 F.3d 482, 489 (8th Cir.

2004) (reh'g den.) ("A party who previously could have brought a state law securities class action may bring a class action in federal court under federal law or may pursue his state law claims in state court in an individual action.").

Due to the Defendants' concealment of their violation, the Plaintiffs were not aware of the misrepresentations which form the basis of their claims until seven to ten years after they purchased their annuities, by which time their federal claims had expired under the Sarbanes Oxley Act's five-year statute of repose. Their state law claims, however, are still viable because the discovery rule in Alabama does not include a similar statute of repose, but allows a fraud-based claim to proceed if brought within 2 years of discovery of "the fact constituting the fraud." Ala. Code § 6-2-3. Only federal law dates the violation from the sale of the annuity. Justice requires that the Court dismiss Plaintiffs' claims without prejudice to their ability to refile non-preempted claims. Because no prejudice to the Defendants would result from a dismissal without prejudice of Plaintiffs' claims, the Court's dismissal of Plaintiffs' claims should be without prejudice to Plaintiffs' ability to refile them outside the ambit of SLUSA.

### 3. Judgment on the Pleadings is Improper

A dismissal of the claims without prejudice under Fed. R. Civ. P. 41(a)(2) would technically render inappropriate a "judgment on the pleadings," because there is no "judgment," only a dismissal. Thus, Plaintiffs submit that Defendants'

Motion for Judgment on the Pleadings should be rendered moot by a grant of Plaintiffs' motion to dismiss without prejudice.

"Judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is appropriate when 'no issues of material fact exist, and the movant is entitled to judgment as a matter of law.'" *Cook v. Campbell*, 482 F. Fupp. 2d 1341, 1345 (M.D. Ala. 2007), *quoting Ortega v. Christian,* 85 F.3d 1521, 1524-25 (11th Cir.1996). "'If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint.'" *Id.*, *quoting Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir.2002). Here, while the Plaintiffs are barred under SLUSA's class action ban from bringing this action as it stands, there can be no finding that Plaintiffs "would not be entitled to relief under any set of facts that could be proved consistent with the allegations." The substantive claims themselves are not preempted. Thus, "judgment on the pleadings" is inappropriate.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court deny the Defendants' Motion for Judgment on the Pleadings as moot insofar as such a dismissal would be with prejudice, and allow Plaintiffs to dismiss the Complaint under Rule 41(a)(2) without prejudice to their ability to refile.

Respectfully Submitted,


   /s  Caroline Smith Gidiere
One of the Attorneys for Plaintiffs


OF COUNSEL:
Andrew P. Campbell (CAM006)
Caroline Smith Gidiere (SMI209)
CAMPBELL, GIDIERE, LEE
SINCLAIR & WILLIAMS, LLC
2100-A SouthBridge Parkway, Suite 450
Birmingham, AL  35209
(205) 803-0051 phone
(205) 803-0053 facsimile
acampbell@cwp-law.com
cgidiere@cwp-law.com

M. Dale Marsh (MAR040)
Marsh Cotter & Tindol LLP
203 E. Lee Street
P.O. Box 310910
Enterprise, AL  36331
(334) 347-2626 phone
(334) 393-1396 facsimile
mdm@enterpriselawyers.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on August 17, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

AXA Equitable Life Insurance Company
f/k/a The Equitable Life Assurance Society of the U.S.
AXA Distributors LLC,
f/k/a Equitable Distributors, LLC
A. Inge Selden III
John N. Bolus
Andrea M. Greene
Maynard, Cooper & Gale, PC
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2602
205.254.1000

  /s  Caroline Smith Gidiere
OF COUNSEL